Jacob Mabkowitz, J.
Petitioner, the Superintendent of Insurance of the State of New York, appointed liquidator of the subject insurance company (Manhattan Casualty Company) by order issued in 1963, seeks court approval of the settlement of two actions in which petitioner, acting as liquidator, is plaintiff. One of these actions is pending in this court, and one in the United States District Court for the Southern District of New York. In the proposed settlement, $1,000,000- will be paid petitioner. Petitioner asserts tljat this would result in payment in full of all allowed claims of creditors.
Objections to the settlement are raised by one creditor of Manhattan and by the estate of the now deceased and alleged sole shareholders of Manhattan. They contend that the potential recovery in the actions sought to be settled approximates $5,000,000 and that,, accordingly, the proposed settlement is unreasonable.
The moving papers contain descriptions of the nature of the claims asserted by petitioner and the history of the litigation, *358 but little more. This is insufficient evidence on which to find the proposed settlement adequate, even after granting petitioner’s judgment the substantial weight to which it is entitled (cf. Matter of New York Tit. & Mtge. Co., 170 Misc. 109).
Objectors’ arguments that this court lacks jurisdiction to pass on the settlement are not well founded. In addition to the specific provisions of sections 526 and 539 of the Insurance Law the applicable decisional law indicates general recognition of the jurisdiction of this court over matters such as this (Matter of Knickerbocker Agency [Holz], 4 N Y 2d 245, 252), even where claims of Federal agencies are involved (see Katin v. Apollo Savings, 318 F. Supp. 1055). In the instant case no such Federal claims are actually present; the objectors’ arguments are based upon the Federal nature of the claims asserted by petitioner in the United States District Court. A fortiori, this does not interfere with this court’s jurisdiction.
A Referee will be appointed to hear and report on the fairness of the settlement. Pending the report of the Referee the motion will be held in abeyance. Cross motion is denied.